UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re Toys "R" Us, Inc., et al.[1] <br> Debtors. | Case No. 17-34665-KLP <br> Chapter 11 <br> Jointly Administered |
| TRU Creditor Litigation Trust, <br> Plaintiff, | |
| v. | Adv. Pro. No. 20-03038-KLP |
| David A. Brandon, et al., <br> Defendants. | |

### MEMORANDUM OPINION

Plaintiff, TRU Creditor Litigation Trust (the "Trust"), brought this action against Defendants, former directors and officers of Toys "R" Us, alleging various breaches of fiduciary duty, fraudulent misrepresentation and concealment, negligent misrepresentation and concealment, and negligence. The Trust's lengthy complaint (the "Complaint") includes a demand for a jury trial "on all matters subject to jury trial." (ECF No. 10, Complaint p. 110).[2]

The question before the Court is whether the Trust's right to a jury trial on the claims asserted against the Defendants has been waived. The Defendants maintain that a settlement approved by the Court and incorporated into the Chapter 11 plan confirmed by the Court includes a waiver of a trial by jury that binds the Trust. The Trust disagrees, contending that the language at issue applies

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are set forth in the Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief (17-34665-KLP, ECF 78).
[2] All references to "ECF No." refer to docket entries in the lead case unless otherwise noted.

1

only to disputes over the settlement agreement itself and does not apply to the claims set forth in the Complaint. For the following reasons, the Court finds that there has not been a waiver of the Trust's right to a jury trial on the claims asserted against the Defendants and that the Trust has the right to demand trial by jury.

## Background

On September 18 and 19, 2017, Toys "R" Us, Inc. and twenty-four affiliated entities (collectively, "TRU" or "Debtors") filed voluntary Chapter 11 petitions for relief in the United States Bankruptcy Court for the Eastern District of Virginia. The cases were jointly administered pursuant to Bankruptcy Rule 1015(b) through a lead case captioned *In re: Toys R Us, Inc., et al.*, Case No. 17-34665-KLP. (ECF No. 78).

On March 22, 2018, the Court entered an Order authorizing TRU to wind down U.S. operations, authorizing U.S. store closings, establishing administrative claims procedures, and granting related relief. (ECF No. 2344). In connection with its wind-down, on July 17, 2018, TRU filed with the Court a settlement agreement (the "Settlement Agreement") entered into by and among multiple parties that resolved numerous issues relating to the liquidation of TRU's U.S. businesses. (ECF No. 3814). The parties to the Settlement Agreement agreed to release all claims against each other. The Settlement Agreement provided that a Non-Released Claims Trust would be established for the purpose of administering all non-released claims, including claims held by TRU and its creditors against TRU's

directors and officers. The Court entered an order approving the Settlement Agreement on August 8, 2018. (ECF No. 4083).

On December 17, 2018, the Bankruptcy Court confirmed the Third Amended Chapter 11 Plan of TRU (the "Plan"). (ECF No. 5979). Article XI of the Plan stated with respect to jurisdiction that:

> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases and all matters, arising out of, or related to, the Chapter 11 Cases and the Plan, including jurisdiction to . . .
> 19. Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with any Non-Released Claims, including the D&O Claims . . . .

On April 30, 2019, the Debtors filed the Non-Released Claims Trust Agreement. (ECF No. 6925). Section 2.3(a) of that agreement provides in part that:

> The TRU Creditor Litigation Trust shall be the successor-in-interest to the Debtors with respect to any Non-Released Claims that were or could have been commenced or asserted by, or on behalf of, any of the Debtors or their estates prior to the applicable Effective Date, shall be deemed substituted for each such Debtor as the party in any such litigation and shall have the right to proceed in the name, right and stead of the Debtors with respect to all such Non-Released Claims.

In furthering its duty to pursue the non-released claims, the Trust initiated this litigation against the Defendants. It originally filed the Complaint in the Supreme Court of the State of New York, County of New York. The case was removed to the U.S. District Court for the Southern District of New York and then transferred, upon Defendants' motion, to the U.S. District Court for the Eastern District of Virginia. The Virginia District Court then referred the case to this Court.

3

On April 10, 2021, the Trust filed a motion (the "Motion") seeking a ruling that the Trust's right to a jury trial on the claims asserted against Defendants has not been waived. (Adv. Pro. No. 20-03038-KLP, ECF No. 134). The Settlement Agreement includes a waiver of the right to a jury trial for any "legal proceeding arising out of, or relating to, this Settlement Agreement or the transactions contemplated hereby." (ECF No. 4083, Ex. 1, Settlement Agreement, § 4.8(b)). The Trust maintains that the waiver is limited to claims challenging or enforcing the terms of the Settlement Agreement itself. The Defendants counter that this provision constitutes a waiver of the Trust's right to a jury trial on the claims asserted in this adversary proceeding. The parties have submitted memoranda of law in support of their respective positions, and the matter was argued before the Court on April 29, 2021.

**Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order of the U.S. District Court for the Eastern District of Virginia referring this matter to the Bankruptcy Court (Civil No. 3:20-cv-311 (DJN), ECF No. 15), and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Conclusions of Law**

The right to a jury trial in civil suits is guaranteed by the Seventh Amendment to the U.S. Constitution. U.S. Const. amend VII ("In Suits at common

law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved"). This fundamental right may be "knowingly and intentionally waived by contract." *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986). The Fourth Circuit places the burden of proving voluntary and informed waiver on the party seeking to enforce the waiver. *Topline Sols., Inc. v. Sandler Sys., Inc.*, 131 F. Supp. 3d 435, 438–39 (D. Md. 2015) (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d at 832-33). In this case, the Defendants, who are seeking to enforce the waiver, bear the burden of proving that the Trust's right to a jury trial on the claims in this adversary proceeding was knowingly and intentionally waived.

When considering a waiver of the right to a jury trial, "courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy ex rel Bogash*, 301 U.S. 389, 393 (1937). For that reason, jury trial waivers are narrowly construed. *See LaPosta v. Lyle*, Civil Action No. 5:1CV177, 2012 WL 1752550, at *19 (N.D.W.Va. May 16, 2012). When determining whether a party to an agreement has waived its right to a jury trial, courts generally "look to the plain language of the contract's jury waiver to determine whether it unambiguously covers the claims asserted." *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 19 (1st Cir. 2002). Thus, the Defendants not only bear the burden of proving that the language in the Settlement Agreement establishes a knowing and intentional waiver of the Trust's right to a jury trial, but also that the language in the waiver unambiguously covers the claims asserted.

5

The Defendants have pointed out that the Settlement Agreement provides that it is governed by New York law.[3] New York law, however, does not differ from the authority cited above; it recognizes that jury trial waivers must be narrowly construed and that if the language in the waiver is capable of being interpreted in two different ways, then it is ambiguous. *See Adelphia Recovery Tr. v. Bank of Am., N.A.*, No. 05 Civ. 9050 (LMM), 2009 WL 2031855, at *3 (S.D.N.Y. July 8, 2009) ("the UCA Pledge Agreement Waiver does not cover claims in the Amended Complaint because the waiver must be narrowly construed under jury waiver analysis"); *Sherrod v. Time Warner Cable, Inc.*, No. 14-CV-1471 (JLC), 2014 WL 6603879, at *2 (S.D.N.Y. Nov. 21, 2014) ("[c]ontract provisions waiving the right are narrowly construed"); *Stephens Inc. v. Flexiti Fin., Inc.*, No. 18-CV-8185 (JPO), 2019 WL 2725627, at *9 (S.D.N.Y. July 1, 2019) ("In defining their scope, contractual provisions containing jury trial waivers should be narrowly construed.") (citation omitted). *See also Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir.1992) (applying New York law) (a phrase is ambiguous if capable of more than one meaning).

In *LaPosta*, the agreement between the parties contained a provision that "waive[d] the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party." 2012 WL 1752550, at *9. The court found that because the language included the word "any," it could be broadly

---

[3] Article 4.8 of the Settlement Agreement provides that "[t]his Settlement Agreement shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of New York."

interpreted to mean all actions between the parties regardless of origin or basis. *Id.* at *10. But the court also determined that the waiver could be reasonably construed to refer to "only. . . [claims] brought to enforce or challenge the terms of the agreements themselves." *Id.* The court concluded that by adopting the narrowest construction, as was required by law to do, the waiver only applied to "actions regarding the terms of the agreements of which the waivers are a part." *Id.* at *11.

Likewise, in *Pittsburg SNF LLC. v. Pharmerica E., Inc.*, No. 2:10-CV-363-JRG-RSP, 2012 WL 12903688 (E.D. Tex. Oct. 4, 2012), when considering language in an asset purchase agreement stating "each of the parties hereby irrevocably waives any and all right to trial by jury in any legal proceeding arising out of or relating to this agreement," the court held that for a legal proceeding to be one "arising out of or relating to this agreement," it must be a "lawsuit to enforce or challenge the provisions of the agreement." *Id.* at *2. As a result, claims alleging fraud on the part of defendants prior to the agreement being executed were considered claims arising before the agreement came into existence and could not be claims "arising out of or relating to this agreement." *Id.*

*LaPosta* and *Pittsburg SNF LLC* provide valuable guidance for resolving the matter at issue. Here, as in *LaPosta*, a broad interpretation of the language in the Settlement Agreement could result in a determination that the Trust has waived the right to trial by jury for any action associated with the actions addressed in the Settlement Agreement, including the claims being asserted in the Complaint.

However, the language could also be reasonably construed to refer only to litigation involving disputes over the Settlement Agreement itself. The narrower construction of the language would confine the waiver to disputes over the Settlement Agreement.

The waiver language in the Settlement Agreement is similar to what was considered in *Pittsburg SNF LLC*. There, as in this case, the language included a waiver of the right to trial by jury in any proceeding "arising out of, or relating to" the agreement. The court determined that the fraud claims being asserted existed before the agreement was executed and, therefore, did not arise out of or relate to the agreement. 2012 WL 12903688, at *2.

The claims being asserted by the Trust also accrued prior to the execution of the Settlement Agreement. The Settlement Agreement was not the origin or cause of any of the claims being asserted in the Complaint. The waiver language does not specifically address or refer to these claims. Again, a narrow construction of the jury waiver provision in the Settlement Agreement requires that the waiver be limited to claims involving the terms of the agreement itself.[4]

Having found that the language at issue is, at best, ambiguous and there being no persuasive evidence before the Court that the parties to the Settlement Agreement intended to include a waiver of the right to trial by jury in the claims being asserted in the Complaint, the Court finds that the Defendants have failed to

---

[4] The additional language in the waiver before the Court, "transactions contemplated hereby," does not alter the Court's analysis, as the language may objectively refer to transactions contemplated by the Settlement Agreement. There is nothing to indicate that the parties intended the word "transactions" to refer to claims against the officers and directors of TRU.

carry their burden of proving that the Trust waived its right to a jury trial. The Trust is entitled to have a jury trial on the Complaint.

## Conclusion

Controlling law, including New York law, requires that a jury waiver be narrowly construed. Applying a narrow construction to the language of the Settlement Agreement, "arising out of, or relating to" may be reasonably interpreted to mean "coming from or caused by." The claims being asserted by the Trust in its Complaint do not stem from a dispute over the Settlement Agreement; rather, those causes of action accrued before the Settlement Agreement was executed. To the extent that the waiver language is ambiguous, the Defendants have offered no conclusive evidence that the jury waiver was intended to broadly apply to the causes of action being brought by the Trust and, thus, have failed to carry their burden of proving that the Trust voluntarily and knowingly waived its right to a jury trial. Accordingly, the Trust's Motion for a jury trial will be granted.

A separate order shall issue.

Signed: September 3, 2021           /s/ Keith L. Phillips
                                    United States Bankruptcy Judge

Copies:                             Entered on Docket: September 3, 2021

Robert I. Bodian
Scott A. Rader
Amanda B. Asaro
Kerime S. Akoglu
MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017

James C. Cosby
J. Brandon Sieg
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219

Greg Dovel
Christin Cho
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401

Michael Wilson
MICHAEL WILSON PLC
12733 Storrow Rd.
Henrico, Virginia 23233