UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re Toys "R" Us, Inc., et al.[1] <br>     Debtors. | Case No. 17-34665-KLP <br> Chapter 11 <br> Jointly Administered |
| TRU Creditor Litigation Trust, <br>     Plaintiff, <br><br> v. <br><br> David A. Brandon, et al., <br>     Defendants. | Adv. Pro. No. 20-03038-KLP |

### MEMORANDUM OPINION AND ORDER

Plaintiff, TRU Creditor Litigation Trust (the "Trust"), commenced this suit against Defendants (the "Defendants"), former directors and officers of Toys "R" Us, alleging various breaches of fiduciary duty, fraudulent misrepresentation and concealment, negligent misrepresentation and concealment, and negligence. The Trust's second amended complaint (the "Complaint") includes a demand for a jury trial "on all matters subject to jury trial." AP ECF 146, p. 115.[2]

The Trust has filed a motion (the "Second Jury Trial Motion") seeking an order confirming its entitlement to a jury trial on all claims asserted in the Complaint. The Trust asserts that it is seeking only legal relief in the form of compensatory and punitive damages and is not seeking equitable relief such as an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are set forth in the Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief. AP ECF 78.

[2] All references to "ECF" are to docket entries in the lead case unless otherwise noted. References to the docket in this adversary proceeding are prefaced by "AP ECF."

1

injunction or restitution; it therefore maintains that the Seventh Amendment guarantees its right to a jury trial. The Defendants counter that the Trust is not entitled to a jury trial on any of its claims, arguing that there is no right to a jury trial because Counts 1-4 of the Trust's claims are equitable in nature and, with respect to Counts 5-9 of the Complaint in which the Trust asserts claims of individual trade vendors, the right to a jury trial was waived pursuant to language included in a Master Purchase Order Agreement executed by trade vendors before the bankruptcy filings.

## Background

On September 18 and 19, 2017, Toys "R" Us, Inc. and twenty-four affiliated entities (collectively, "TRU" or "Debtors") filed voluntary Chapter 11 petitions for relief in the United States Bankruptcy Court for the Eastern District of Virginia. The cases were jointly administered pursuant to Bankruptcy Rule 1015(b). The lead case was Toys "R" Us, Inc., Case No. 17-34665-KLP.[3]

---

[3] An order was entered on September 19, 2017, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Toys "R" Us, Inc., Case No. 17-34665-KLP; Geoffrey Holdings, LLC, Case No. 17-34660-KLP; Geoffrey International, LLC, Case No. 17-34666-KLP; Geoffrey, LLC, Case No. 17-34667; Giraffe Holdings, LLC, Case No. 17-34661; Giraffe Junior Holdings, LLC, Case No. 17-34662-KLP; MAP 2005 Real Estate, LLC, Case No. 17-34663-KLP; Toys "R" Us - Value, Inc., Case No. 17-34664-KLP; Toys "R" Us (Canada) Ltd., Case No. 17-34668-KLP; Toys "R" Us - Delaware Inc., Case No. 17-34669-KLP; Toys "R" Us Europe, LLC, Case No. 17-34670-KLP; Toys "R" Us Property Company II, LLC, Case No. 17-34671-KLP; Toys Acquisition, LLC, Case No. 17-34672-KLP; TRU Asia, LLC, Case No. 17-34673-KLP; TRU Guam, LLC, Case No. 17-34674-KLP; TRU Mobility, LLC, Case No. 17-34675-KLP; TRU of Puerto Rico, Inc., Case No. 17-34676-KLP; TRU Taj (Europe) Holdings, LLC, Case No. 17-34677-KLP; TRU Taj Finance, Inc., Case No. 17-34678-KLP; TRU Taj Holdings 1, LLC, Case No. 17-34679-KLP; TRU Taj Holdings 2 Limited, Case No. 17-34680-KLP; TRU Taj Holdings 3, LLC, Case No.

On March 22, 2018, the Court entered an Order authorizing TRU to wind down U.S. operations, authorizing U.S. store closings, establishing administrative claims procedures, and granting related relief. In connection with its wind-down, on July 17, 2018, TRU filed with the Court a settlement agreement (the "Settlement Agreement") entered into by and among multiple parties. The Settlement Agreement resolved numerous issues relating to the liquidation of TRU's U.S. businesses. The parties to the Settlement Agreement agreed to release all claims against each other. The Settlement Agreement provided that a "Non-Released Claims Trust" would be established for the purpose of administering all non-released claims, including claims held by TRU and its creditors against TRU's directors and officers. The Court entered an order approving the Settlement Agreement on August 8, 2018.

On December 17, 2018, the Bankruptcy Court confirmed the Third Amended Chapter 11 Plan of TRU (the "Plan"). ECF 5979. Article XI of the Plan stated with respect to jurisdiction that:

> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases and all matters, arising out of, or related to, the Chapter 11 Cases and the Plan, including jurisdiction to . . .
> > 19. Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with any Non-Released Claims, including the D&O Claims . . . .

---

17-34681-KLP; TRU Taj LLC, Case No. 17-34682-KLP; TRU-SVC, Inc., Case No. 17-34659-KLP; Wayne Real Estate Parent Company, LLC, Case No. 17-34683-KLP.

3

On April 30, 2019, the Debtors filed the Non-Released Claims Trust Agreement. ECF 6925. Section 2.3(a) of that agreement provides in part that:

> [t]he TRU Creditor Litigation Trust shall be the successor-in-interest to the Debtors with respect to any Non-Released Claims that were or could have been commenced or asserted by, or on behalf of, any of the Debtors or their estates prior to the applicable Effective Date, shall be deemed substituted for each such Debtor as the party in any such litigation and shall have the right to proceed in the name, right and stead of the Debtors with respect to all such Non-Released Claims.

In furthering its duty to pursue the non-released claims, the Trust initiated this litigation against the Defendants. It originally filed the Complaint in the Supreme Court of the State of New York, County of New York. The case was removed to the U.S. District Court for the Southern District of New York and then transferred, upon Defendants' motion, to the U.S. District Court for the Eastern District of Virginia. On May 5, 2020, the Virginia District Court referred the case to this Court. Case No. 3:20-cv-00311-DJN, ECF 15.

This adversary proceeding was initiated by the assignment of the case to this Court. The parties entered into an agreed scheduling order on October 5, 2020 (the "Scheduling Order.")  AP ECF 67. The Scheduling Order provided that April 29, 2021, was the deadline to file a "waiver of jury trial or motion re: right to jury trial." AP ECF 67. The Scheduling Order was amended various times thereafter to extend certain dates, the last amendment being January 4, 2022, but the date for filing jury motions was never extended. On April 10, 2021, the Trust timely filed a motion (the "First Jury Trial Motion") seeking a ruling that the Trust's right to a

4

jury trial on the claims asserted against Defendants had not been waived and that the Trust had the right to move for a jury trial. AP ECF 134.

The Settlement Agreement includes a waiver of the right to a jury trial for any "legal proceeding arising out of, or relating to, this Settlement Agreement or the transactions contemplated hereby." ECF 4083, Ex. 1, Settlement Agreement, § 4.8(b). The Trust maintained that the waiver is limited to claims challenging or enforcing the terms of the Settlement Agreement itself. The Defendants countered that this provision constitutes a waiver of the Trust's right to a jury trial on all the claims asserted in this adversary proceeding. On September 3, 2021, the Court entered an order granting the First Jury Trial Motion, AP ECF 257, accompanied by a Memorandum Opinion finding that the Trust's right to a jury trial had not been waived. AP ECF 256. The Court ruled that the Trust's right to a jury trial had not been waived; the only argument raised by either party was as to the effect of the Settlement Agreement. The decision was not contested by either party.

On January 4, 2022, the Trust filed a motion in the District Court seeking to have Judge Phillips of this Court designated as the trial judge (the "Designation Motion"), as required by 28 U.S.C. § 157(e). The District Court ordered this Court to provide a report and recommendation on the matter, which this Court did on February 15. The District Court has not yet ruled on the Designation Motion. Meanwhile, the Trust, in search of an earlier trial date, advised this Court, in the January 2022 hearing on the Second Jury Trial Motion, that it would be seeking to have the District Court hear any jury trial that the parties might be entitled to. In

furtherance of that goal, the Trust filed a motion to withdraw the Designation Motion in the District Court (the "Withdrawal Motion").

Upon the Trust's filing of the Withdrawal Motion, the District Court ordered this Court to provide its report and recommendation thereon by March 31, 2022. The Court is in the process of doing so.

## Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order of the U.S. District Court for the Eastern District of Virginia referring this matter to the Bankruptcy Court (No. 3:20-cv-311 (DJN), ECF 15), and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Conclusions of Law

The parties urge that whether the Trust is entitled to a jury trial on Counts 1-4 of the Complaint, involving alleged breaches of fiduciary duty, depends on the nature of the claims brought and the remedies sought. They further urge that whether the Trust is entitled to a jury trial on Counts 5-9 (fraudulent misrepresentation and concealment, negligent misrepresentation and concealment, and negligence) turns on whether the Defendants may revisit the question of whether the Trust has waived its right to a jury trial and if so, whether the terms of certain preexisting contractual obligations between the trade vendors whose claims

were assigned to the Trust and the Debtors resulted in a waiver of the right to a jury trial.

The parties have expended considerable time and effort pursuing and defending the Second Jury Trial Motion. Whether the Court will hold a jury trial will significantly impact the scheduling of the trial of the case, the parties having advised the Court at the January 11 hearing that the trial may take multiple weeks to complete, the Trust estimating at least twenty court days. The Court's first available time for such a lengthy trial is in November 2022. At the hearing, the Trust indicated its desire to have the District Court preside over any trial, stating its hope for an earlier trial.[4]  Counsel for the Trust advised the Court that " [t]he Trust now believes that it would be more efficient and beneficial for the court system and the parties to have the district court preside over any matters that would be eligible for a jury trial. The reasons revolve around scheduling and the potential for further delay." Transcript p. 2, AP ECF 413. Subsequent thereto, the Trust filed the Withdrawal Motion in the District Court. The Defendants stated at the January 11 hearing that they were opposed to having the District Court preside over any trial in this matter. Resolution of the jury trial entitlement issues is a crucial factor in scheduling this trial, as a jury trial will be much lengthier than a bench trial.

---

[4] Until being advised at the January 11 hearing of the additional time needed for trial, the Court had scheduled this trial for two weeks in April 2022.

7

The Court is troubled by the recent developments in this case. The Second Jury Trial Motion was not filed timely as prescribed in the Scheduling Order. The deadline set forth in the Scheduling Order was April 9, 2021. As noted above, the First Jury Trial Motion was timely. However, the Second Jury Trial Motion, seeking a determination of which counts of the Complaint give rise to the right to a jury trial, was not filed until November 23, 2021, over seven months after the Scheduling Order's deadline. The hearing on the Second Jury Trial Motion was held on January 11, 2022.

The Trust has offered no explanation for its delay in filing the Second Jury Trial Motion; however, the delay in presenting questions regarding the scope and timing of a jury trial has greatly contributed to the additional delays of which the Trust now complains. The Trust's filings in the District Court have added further complications and delays. Such actions are unduly prejudicial.[5]

The District Court and this Court have expended substantial time and resources in addressing the jury trial and scheduling issues, including the issue of which court will preside over the trial. This Court is unaware of any other instance in which a litigant could seek to "switch horses in midstream" and replace the trial judge at this stage of a proceeding.[6] The parties provided in the October 2020

---

[5] At the hearing on the Second Jury Trial Motion, the Trust stated for the first time its intention to seek a different forum for any jury trial to which it might be entitled. It first sought to have a jury trial held before this Court, and in furtherance thereof filed the Designation Motion. It has now apparently reconsidered this course of action and decided that the District Court would be its preferred forum.

[6] Certain exceptions exist for jurisdictional challenges and extraordinary circumstances, none of which are the case here.

8

Scheduling Order that "[t]he parties consent to Judge Phillips for all pretrial proceedings. If the case proceeds to trial, the parties further agree that they would consent to Judge Phillips as the trial judge, whether the trial is a bench trial or a jury trial." AP ECF 67, p. 4. Despite this, the Trust now seeks the option of choosing the adjudicating forum that it deems most desirable.

The Court finds that the Second Jury Trial Motion is time-barred by the agreed-upon Scheduling Order. Consequently, it will be denied. *See* Fed. R. Bankr. P. 7016(a), incorporating Fed. R. Civ. P. 16(f)(1)(c).[7] For that reason, the Court will not address the time-barred fiduciary duty counts for which the Trust asserts a right to a jury trial. The Trust has failed to establish its right to a jury trial, and as a result, there will be no jury trial on Counts 1-4.

The Defendants have sought to resurrect the waiver defense they asserted in the First Jury Trial Motion. The Court has already disallowed the waiver defense in its ruling on that motion. The Court found that "the Defendants have offered no conclusive evidence that the jury waiver was intended to broadly apply to the causes of action being brought by the Trust and thus, have failed to carry their burden of proving that the Trust voluntarily and knowingly waived its right to a jury trial." The time for the Defendants to present evidence and argument that the Trust had waived its right to a jury trial was during the resolution of the First Jury

---

[7] Civil Procedure Rule 16(f)(1) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Bankruptcy Rule 7037 incorporates Civil Procedure Rule 37(b)(2)(A)(ii)-(vii), which includes as a sanction "prohibiting the disobedient party from supporting or opposing designate claims or defense, or from introducing designated matters in evidence." *Id.* at (ii).

Trial Motion. The Defendants have not filed a motion to reconsider that ruling and have filed no appeal, so that order is final. The Court will not revisit issues already decided in a case such as this, where the parties extensively litigate nearly every issue in the case. To do so would unnecessarily drain the resources of the Court and add further delay.

For the reasons set forth above, the Second Motion for Jury Trial is DENIED and the Court's order on the First Jury Trial Motion remains in full effect as to any assertion of waiver by the Defendants.

Signed: March 31, 2022             /s/ Keith L. Phillips
                                   United States Bankruptcy Judge

Copies:

Entered on Docket: Mar 31 2022

Robert I. Bodian
Scott A. Rader
Amanda B. Asaro
Kerime S. Akoglu
MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017

James C. Cosby
J. Brandon Sieg
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219

Greg Dovel
Christin Cho
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401

Michael Wilson

MICHAEL WILSON PLC
12733 Storrow Rd.
Henrico, Virginia 23233