Robert I. Bodian (admitted *pro hac vice*)
Peter A. Biagetti (admitted *pro hac vice*)
Scott A. Rader (admitted *pro hac vice*)
John P. Sefick (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
Amanda B. Asaro (admitted *pro hac vice*)
Kerime S. Akoglu (admitted *pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.**
666 Third Avenue, 25th Floor
New York, New York 10017
(212) 935-3000
*Counsel for Defendants*

James C. Cosby, Esq. (VSB No. 25992)
J. Brandon Sieg, Esq. (VSB No. 84446)
**O'HAGAN MEYER, PLLC**
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
(804) 403-7100
*Counsel for Defendants*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| TRU CREDITOR LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proceeding No. 20-03038-KLP |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. BRANDON, *et al* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION UPON CONSENT AND MEMORANDUM OF LAW FOR SEALING OF SETTLEMENT AGREEMENT AND RELATED DOCUMENTS [2]

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief.* (ECF No. 78.) The location of Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Pursuant to the Court's Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief, Case 17-34665-KLP (Bankr. E.D. Va. Sept. 21, 2017), ECF No. 129, Defendants have filed their motion and memorandum together.

Defendants in the above-captioned Adversary Proceeding hereby move upon consent of the Trust for an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that the relief requested in the Trust's Motion to File Documents Under Seal (Bankr. ECF No. 7618)[3] shall be on a permanent basis, such that the Settlement Agreement (Bankr. ECF No. 7617-2) shall remain under seal and the redacted material in the Trust's motion for approval of the Settlement Agreement (the "Approval Motion") (Bankr. ECF No. 7617) shall remain permanently redacted on the public record.

## PRELIMINARY STATEMENT

The Settlement Agreement represents a full and final resolution of all claims brought by the TRU Creditor Litigation Trust (the "Trust") against Defendants in the Adversary Proceeding. As detailed by the Trust in the Approval Motion, the compromise effectuated by the Settlement Agreement is in the best interests of the Debtors and their estates. The settlement forecloses additional costly litigation and allows the beneficiaries of the Trust to obtain a return without the delay and risks of ongoing litigation. Confidentiality is an important component of this agreement from Defendants' perspective. Confidentiality was an indispensable threshold element to the casting of any settlement at all and is also necessary to protect the proprietary rationale of the insurers. The Bankruptcy Code and Bankruptcy Rules contemplate the need to ensure confidentiality of certain settlement-related materials in circumstances such as these.

As set forth in detail below, courts nationwide regularly uphold requests to maintain the confidentiality of documents filed in connection with settlement agreements. Granting such

---

[3] Citations to "ECF No." refer to docket entries in this adversary proceeding. Citations to "Bankr. ECF No." refer to docket entries in the underlying Chapter 11 proceeding of TRU (Case No. 17-34665).

2

requests serves the important public policy of facilitating settlements, which conserves judicial and public resources. This concern is paramount here, where an expectation of confidentiality was a relevant factor in Defendants' decision to settle this litigation, and where the Trust has agreed to consent to Defendants' confidentiality request. Further, the material that Defendants seek to ensure remains permanently sealed and redacted constitutes confidential information that is entitled to such protection. Under these circumstances, and as described fully herein, the Court should order continued protection of the materials at issue.

## REQUESTED RELIEF

Defendants request that this Court enter an order substantially in the form attached hereto as **Exhibit A** pursuant to sections 105(a) and 107(b) of title 11 of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, enabling the Settlement Agreement to remain under seal permanently and the redacted material in the Trust's Approval Motion to remain permanently redacted on the public record.

## RELEVANT PROCEDURAL BACKGROUND

The parties in the Adversary Proceeding attended two separate Court-ordered mediations under the guidance of the Honorable Kevin R. Huennekens, after which a good-faith, arm's-length resolution was reached among the parties. The Settlement Agreement was entered into by the parties on September 2, 2022. Confidentiality was an important component of the settlement from Defendants' perspective. To this end, pursuant to the terms of the Settlement Agreement, the parties to the Settlement Agreement agreed to keep the terms and conditions of the Settlement Agreement confidential, and the Trust agreed to file its Approval Motion under seal and file a public version that redacts the terms or conditions of the Agreement and includes other redactions requested by Defendants. The Settlement Agreement also provides that the Defendants or

3

Insurance Carriers may timely file a motion for the Approval Motion to remain under seal.

## RELEVANT LEGAL BACKGROUND

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information. Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code.

Section 107(b) of the Bankruptcy Code creates exceptions to the public access presumption, "mandating that the Court protect confidential information and defamatory or scandalous material upon request of a party in interest." *Robbins v. Delafield (In re Williams)*, 2017 Bankr. LEXIS 4183, at *7 (Bankr. W.D. Va. Dec. 8, 2017). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir. 1994). "Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), 'the court is *required* to protect a requesting party and has no discretion to deny the application.'" *In re Borders Grp., Inc.,* 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *Orion,* 21 F.3d at 27).

## ARGUMENT

I. **Redaction of the Designated Material Is Justified and Necessary to Effectuate the Parties' Intent in Connection with the Settlement Agreement and Protect Sensitive Confidential Information**

Courts nationwide recognize that "[p]rotecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements" and that "permitting

4

disclosure would discourage settlements, contrary to the public interest." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 458-459 (N.D.N.Y. 1999); *see also Milliner v. Mut. Secs., Inc.*, 2021 U.S. Dist. LEXIS 120253, at *15 (N.D. Cal. June 28, 2021) ("The parties' inclusion of the confidentiality provision in the settlement agreement itself supports the conclusion that they intended to keep the settlement agreement confidential and out of the public record. Numerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies the more demanding 'compelling reasons' standard to seal judicial records."); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted protective orders to protect confidential settlement agreements); *Flynn v. Portland Gen. Elec. Corp.*, 1989 U.S. Dist. LEXIS 11219, at *4 (D. Or. Sept. 21, 1989) ("[T]the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated."); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection."); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 U.S. Dist. LEXIS 22365 (N.D. Cal. Feb. 18, 2011) (finding good cause to allow the parties to file settlement agreement under seal to preserve the agreement's confidentiality); *Daniels v. Bursey*, 2006 U.S. Dist. LEXIS 28080, at *16 (N.D. Ill. Feb. 23, 2006) (issuing protective order protecting the confidentiality of the settlement agreement because "the parties to the agreement bargained for confidentiality, and there is a strong public policy favoring out-of-court settlements").

Courts nationwide further explain that promoting settlements is in the public interest because "[c]onfidential settlements benefit society and the parties involved by resolving disputes

relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993); *see also FDIC v. Ernst & Ernst,* 92 F.R.D. 468, 472 (E.D.N.Y. 1981) (unsealing a settlement that was based upon confidentiality would discourage future settlements based upon confidentiality).

Here, Defendants' expectation that this Court will uphold the confidentiality of the Settlement Order was a relevant factor in their decision to enter into the Settlement Agreement. This is reflected in Judge Huennekens' inclusion of a confidentiality provision in his Mediator's Proposal and the final executed agreement in which Defendants bargained for various confidentiality protections, including maintaining the confidentiality of the Settlement Agreement. Consequently, it is particularly appropriate for the confidentiality of the Designated Materials to be upheld. *See, e.g.*, *Bown v. Siegert,* 2022 U.S. Dist. LEXIS 28827, at *5 (D. Idaho Feb. 16, 2022) (finding that "judicial policy favoring voluntary settlement of disputes outweighs the interest of the public to access the Release Agreement. . . . If the Court were to allow public access to the Release Agreement, it would violate the expectation of the parties and discourage parties from voluntarily settling disputes.").

Moreover, the Settlement Agreement also implicates the privacy interests of the Insurance Carriers (as defined in the Approval Motion), who are non-parties to the Adversary Proceeding. The settlement amount and terms and conditions of the settlement reflect competitively sensitive information as to them. This factor weighs further in supporting the privacy of the Settlement Agreement. *See Fossil Grp. v. Angel Seller LLC*, 2021 U.S. Dist. LEXIS 218446, *16, n.11 (E.D.N.Y. Oct. 22, 2021) (finding "significant the fact that parties to a confidential settlement agreement proceeded with the understanding that the terms of the settlement agreement would remain confidential amounts to a showing of good cause. Further, as the confidential settlement

6

agreements would likely involve many nonparties, the Court must be cognizant of the privacy interests of those nonparties.")

Further, the Approval Motion also includes contested assertions regarding the Trust's evidence against the Defendants that was typically obtained within the framework of a protective order governing the proceeding (ECF No. 68) and that, due to the settlement, have not been presented at trial and adjudicated by a fact-finder. The Trust's descriptions of the evidence are not ripe for placement in the public domain in light of the Settlement Agreement ending the litigation with respect to such evidence and terminating Defendants' opportunity to respond to the same. As such, the referenced evidence is unduly disparaging and the Court should permit the Designated Materials to remain permanently under seal for this reason as well.

## CONCLUSION

**WHEREFORE** Defendants respectfully request that the Court grant them the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 4, 2022
       Richmond, Virginia

By: /s/ J. Brandon Sieg

James C. Cosby, Esq. (VSB No. 25992)
J. Brandon Sieg, Esq. (VSB No. 84446)
**O'HAGAN MEYER, PLLC**
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7100
Fax: (804) 403-7110
jcosby@ohaganmeyer.com
bsieg@ohaganmeyer.com

- and -

Robert I. Bodian (admitted *pro hac vice*)
Peter A. Biagetti (admitted *pro hac vice*)

7

Scott A. Rader (admitted *pro hac vice*)
John P. Sefick (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
Amanda B. Asaro (admitted *pro hac vice*)
Kerime S. Akoglu (admitted *pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.**
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017
(212) 935-3000
RIBodian@mintz.com
PABiagetti@mintz.com
SARader@mintz.com
JPSefick@mintz.com
KRWalsh@mintz.com
ABAsaro@mintz.com
KSAkoglu@mintz.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2022, I caused a true and accurate copy of the foregoing to be electronically served by the Court's CM/ECF System on all parties that receive CM/ECF notification in the above-captioned case.

DATED: October 4, 2022                By:  /s/  J. Brandon Sieg
                                                        Counsel

**EXHIBIT A**

Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[4] | ) | Case No. 17-34665 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER GRANTING DEFENDANTS' MOTION FOR
### CONTINUED SEALING OF SETTLEMENT AGREEMENT

Upon the motion (the "Motion")[5] of Defendants for entry of an Order authorizing the continued sealing of the Settlement Agreement and the Confidential Information contained therein and in the Approval Motion; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated July 10, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Parties; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

---

[4] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief.* (ECF No. 78.) The location of Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. This Motion is granted as set forth herein.

2. The relief requested in the Motion and in the Motion to File Documents Under Seal shall be on a permanent basis pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. The Settlement Agreement shall remain under seal, and the public version of the Approval Motion shall remain redacted as filed by the Trust.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
       Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

3

**Local Rule 9022-1(C) Certification**

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

By: /s/ J. Brandon Sieg
Counsel