Robert I. Bodian (admitted *pro hac vice*)
Peter A. Biagetti (admitted *pro hac vice*)
Scott A. Rader (admitted *pro hac vice*)
John P. Sefick (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
Amanda B. Asaro (admitted *pro hac vice*)
Kerime S. Akoglu (admitted *pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.**
666 Third Avenue, 25th Floor
New York, New York 10017
(212) 935-3000
*Counsel for Defendants*

James C. Cosby, Esq. (VSB No. 25992)
J. Brandon Sieg, Esq. (VSB No. 84446)
**O'HAGAN MEYER, PLLC**
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
(804) 403-7100
*Counsel for Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| TRU CREDITOR LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proceeding No. 20-03038-KLP |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. BRANDON, *et al* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR
CONTINUED SEALING OF SETTLEMENT AGREEMENT**

Upon the motion (the "Motion")[2] of Defendants for entry of an Order authorizing the continued sealing of the Settlement Agreement and the Confidential Information contained therein

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*. (ECF No. 78.) The location of Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

and in the Approval Motion; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated July 10, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Parties; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. This Motion is granted as set forth herein.

2. The relief requested in the Motion and in the Motion to File Documents Under Seal shall be on a permanent basis pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. The Settlement Agreement shall remain under seal, and the public version of the Approval Motion shall remain redacted as filed by the Trust.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
Richmond, Virginia

Oct 19 2022

/s/ Keith L Phillips
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket:Oct 19 2022

4

**Local Rule 9022-1(C) Certification**

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

                                                    By: /s/ J. Brandon Sieg
                                                           Counsel